REGAN, Judge.
Plaintiffs, Andrew M. Fritscher and his collision insurer, Motors Insurance Corporation, instituted this suit against the defendant, Joseph Billiot, endeavoring to recover the sums of $50 and $496.50 respectively, representing property damages incurred by Fritscher’s 1956 Mercury automobile on August 12, 1957, at 12:25 P.M. in the intersection of North Galvez and Barracks Streets in the City of New Orleans as the result of a collision with defendant’s vehicle.
Defendant answered, denying liability for the damages to Fritscher’s automobile, and asserted that the sole and proximate cause of the accident was the negligence of plaintiff, Fritscher; defendant then reconvened for $300.00[1] for the total loss of his 1948 Mercury. In the alternative, the defendant pleaded the contributory negligence of the plaintiff.
From a judgment dismissing both the main and reconventional demands, plaintiff appealed and • defendant has answered the appeal.
The facts are relatively simple. The plaintiff was driving at a speed of approximately 25 miles per hour[2] in North Galvez Street, a right-of-way street, towards Barracks Street. The defendant accompanied by his daughter was driving in Barracks Street and when he reached North Galvez Street he stopped in obedience to a sign warning vehicles in Barracks Street to stop before entering North Galvez Street.
*756 In response to counsel’s interrogation as to how the accident occurred the defendant testified:
“Well, I stopped at the stop sign and I looked and I didn’t see no car and then I stayed there a while and a block away I seen a car coming and I thought that I could make it and that’s where he hit me in the middle, when I got in the middle of the street and he hit me against the post.
“Q. Did you see the automobile[1] a block away from you at the time you were stopped for the stop sign? A. I seen the automobile but it was pretty far off and I thought I could make it, you know.”
The defendant’s daughter, Mrs. Wilkerson, fully corroborated the foregoing testimony.
On the other hand, the plaintiff related that he was moving in North Galvez at a speed of approximately 25 miles per hour and when he was very close to Barracks Street the defendant suddenly drove into the path of his vehicle and as a consequence thereof he was unable to stop his vehicle in sufficient time to avoid the accident.
Predicated upon the foregoing evidence the trial judge obviously concluded that the concurring negligence of both plaintiff and defendant was the proximate cause of the accident and therefore dismissed both the main and reconventional demands.
The question which this appeal has posed for our consideration is whether the foregoing conclusion is so erroneous and unsupported by the evidence as to warrant reversal by us.
We are of the opinion that the trial court erred in dismissing plaintiff’s suit.
The defendant’s testimony, which is quoted hereinabove, convicts him of such fault that we consider it to be the proximate cause of the accident; that is, when he was stopped in Barracks Street, in a position of safety, he said that he observed the plaintiff’s vehicle approaching from his right a distance of 300 feet away and he •‘thought he could make it.” If this were true, he was certainly afforded sufficient time to traverse North Galvez Street. Obviously the plaintiff’s vehicle was much closer, and he erred in his judgment when he assumed that he could cross North Galvez Street before plaintiff reached the intersection.[3] However, an error of judgment is not inconsistent with fault; this is too well settled to need citation in support thereof.
The record discloses no fault on the part of the plaintiff. He possessed neither actual nor constructive knowledge that the defendant would leave a position of safety and drive into the path of his vehicle.
In a relatively recent case [4] the organ of the Supreme Court pertinently observed:
“The law in this state is well settled that a motorist who is proceeding on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree of care and vigilance as if no ordinance existed or stop signs were erected. The danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching *757 the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed or is not going to observe, the law.”
For the reasons assigned the judgment appealed from is reversed insofar as it dismissed plaintiffs’ suit. And it is now ordered that there be judgment herein in favor of plaintiffs. Andrew M. Fritscher and his insurer, Motors Insurance Corporation, in the full sum of $546.50. And the judgment dismissing the reconventional demand of defendant, Joseph Billiot, is affirmed; all costs are to be borne by the defendant.
Reversed in part, affirmed in part.

. Stipulated at the trial hereof to amount to the sum of $150.

. There is innuendo and speculation contained in the record to the effect that the defendant was driving at approximately 30 miles per hour. • •

. The record is devoid of any evidence indicating that the plaintiff approached the intersection of Barracks and North Galvez at a high rate of speed.

. Ryan v. Allstate Insurance Company, 1957, 232 La. 831, 843, 95 So.2d 328, 332, 333.